IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY MILES,

    Plaintiff,

v.

DAVID W. MITCHELL, PERCY
MYERS, S. BROWN, C. HALE,
ADEWALE KUFORIJI, ROB JEFFRIES,
STATE OF ILLINOIS, PERRY
COUNTY, ILLINOIS, PINCKNEYVILLE
CORRECTIONAL CENTER, FIRST
SHIFT WEXFORD HEALTHCARE
NURSES, SECOND SHIFT WEXFORD
HEALTHCARE NURSES, and
DEANNE KINK,

    Defendants.

Case No. 23-cv-3572-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville"). Miles was allowed to proceed on a single count in his Complaint, an Eighth Amendment deliberate indifference claim against Dr. Percy Myers for failing to treat his chest pain (*See* Docs. 1, 11).[1] This matter is now before the Court on an Amended Complaint (Doc. 17) filed by Miles.

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral

1

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). Miles's Amended Complaint was filed prior to Dr. Myers filing his Answer in this case. Although Miles is allowed to amend his pleading once as a matter of course, his Amended Complaint is still subject to review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

There are a number of issues with Miles's Amended Complaint (Doc. 17). First, it fails to comply with SDIL Local Rule 15.1, which requires that all new material in the pleading be underlined. This makes it very difficult to determine the new allegations and

---

identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

claims that Miles seeks to add to his original pleading. In fact, his Amended Complaint is entirely different from his original Complaint. Although the main focus of Miles's original Complaint was the treatment of his chest pain (*See* Doc. 1, p. 6), his Amended Complaint focuses on a request for a lower bunk and lower deck permit from Dr. Myers. He mentions his chest pain only in one line on page 19 of his pleading (Doc. 17, p. 19).

In addition, the Court notes that the allegations regarding his request for medical permits are the subject of another lawsuit filed by Miles before this Court. *See Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"). Miles recently filed an Amended Complaint in *Miles* 7 also discussing his quest for medical permits from Dr. Myers. In addition, Miles also mentions his requests for medical permits in several other cases. *See Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), and *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13"). In those cases, the original pleadings focused on missing property. But in the amended pleadings, he seeks to bring a claim against Dr. Myers and other staff for failing to issue him a lower bunk and lower deck permit. These allegations are duplicative of the claims in his other cases, and Miles cannot pursue the same claim against the same parties in parallel suits. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir. 2012). Thus, to the extent Miles wishes to pursue claims regarding his access to medical permits, he should pursue the claim in *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), because that case focuses solely on Miles's access to medical permits. He cannot pursue identical claims in this case.

To the extent Miles seeks to add defendants to this case, he fails to state a claim against these individuals. He identifies the State of Illinois and Pinckneyville Correctional Center as Defendants but neither can be liable because neither entity is a "person" within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state "Department of Corrections is immune from suit by virtue of Eleventh Amendment"). He also identifies grievance officials, who he alleges failed to remedy the situation, but these officials cannot be liable for simply responding to or denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). He identifies Perry County as a defendant but fails to include any allegations involving the county. It appears he merely lists the county as the location of the prison. Miles also identifies a number of unknown individuals. Specifically, he alleges that Wexford Healthcare nurses from the first and second shifts at Pinckneyville failed to provide him with medical permits. These claims are too generic to survive threshold review. Further, Miles fails to allege how any of these potential defendants acted with deliberate indifference to his chest pains. Thus, to the extent that Miles seeks to amend his Complaint with claims against additional defendants, he also fails to state a claim.

## CONCLUSION

For the reasons stated above, Miles's Amended Complaint is **STRICKEN** because the pleading fails to survive review pursuant to Section 1915A. To the extent Miles seeks to amend his Complaint in the future, he should consider the procedures set forth in this Order as well as the requirements set forth in the Initial Scheduling Order.

**IT IS SO ORDERED.**

**DATED: March 25, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**